FRANCIS MATSON v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY.[1]

April 7, 1955.

No. 36,568.

[1]Reported in 69 N. W. (2d) 639.

*A. C. Erdall, S. W. Rider, Jr.,* and *G. F. Bennett,* for appellant.
*Sexton, Tyrrell & Jardine* and *Jerre F. Logan,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for injuries to plaintiff's left thumb alleged to have been sustained as a result of defendant's negligence. The jury returned a verdict in plaintiff's favor for $1,875. Defendant appeals from the judgment subsequently entered.

The facts are as follows: Plaintiff, an employee of Botsford Lumber Company, came to defendant's freight house in Northfield about 3:45 p. m. December 9, 1952, to deliver three bundles of wooden stanchions for shipment. Defendant's cashier, Leo Widmer, weighed the stanchions upon their delivery. Shortly thereafter, James Hill and Ray Medson, also employees of Botsford Lumber Company, arrived, and the four visited for a few moments. Widmer then suggested that the others help him carry the stanchions into a boxcar next to the freight house platform. The boxcar, owned by the Spo-

kane, Portland, & Seattle Railway Company, had been spotted at the freight house the night before. Widmer opened its door and the men then carried in the stanchions. Thereafter, plaintiff and Hill remained on the loading platform adjacent to the car while Widmer went to the ground to close the boxcar door, but it seemed to stick, and plaintiff from his position on the platform leaned over and pulled upon its hasp. It still failed to move, and Medson from a position on the ground gave the door a push while plaintiff and Widmer continued to pull upon it. At this point, the door suddenly closed, catching plaintiff's thumb in the door jamb where he had placed his hand for support and causing the injuries for which this action was instituted.

Plaintiff based his claim of negligence upon defendant's failure to properly maintain and inspect the door of the boxcar and to thereby ascertain that it was defective and upon the actions of defendant's employee Widmer as above described. On appeal, defendant denies that the evidence is sufficient to support a finding of negligence on its part and further asserts that plaintiff's actions constituted contributory negligence, barring him from recovery.

■ The boxcar was not the property of defendant. The liability of a carrier for defects in cars of a connecting carrier is not absolute, but the duty rests upon it to properly inspect them to ascertain if there are defects therein. If it has performed this duty, or if the defects are such that an inspection would not disclose them, no further liability rests upon it in this respect. George B. Higgins & Co. v. Chicago, B. & Q. R. Co. 135 Minn. 402, 161 N. W. 145, L. R. A. 1917C, 507; cf. Seeden v. G. N. Ry. Co. 242 Minn. 360, 65 N. W. (2d) 178.

■ In the instant case there is no evidence that defendant carrier failed to discover defects in the boxcar door that would have been revealed through an inspection. Its employee Widmer opened and closed the door involved without difficulty on several occasions the day of the accident, one such occasion being just a few minutes before plaintiff's arrival, and finally, in plaintiff's presence, he again opened it without undue exertion. Obviously, there was nothing de-

fective therein that an inspection would have revealed and hence nothing to support a finding of negligence on this issue. Cf. Beleny v. Lehigh R. Co. 127 N. J. L. 550, 23 A. (2d) 549.

■ Likewise, we find nothing in the actions of Widmer to support plaintiff's claim of negligence on his part. At the trial plaintiff conceded that Widmer's movements were those normally undertaken by anyone attempting to close a door of this kind. Plaintiff voluntarily moved forward to occupy an unstable position in order to assist him, and by no process of reasoning can we find that this action on plaintiff's part was a manifestation of negligence on the part of Widmer. There is a complete absence of other factors which would support a finding of negligence on this issue. Cf. Liebelt v. Krause, 235 Minn. 547, 51 N. W. (2d) 667.

■ Further, since plaintiff was engaged in the same procedure as Widmer, if the latter be held negligent, then by the same token plaintiff must be held guilty of contributory negligence. He was quite familiar with boxcar doors. He had worked around freight cars for some 20 years and had frequently opened doors of this type which often stick. With reference thereto, he testified that "they probably stick hard until they get to rolling and they will move along pretty good." With this knowledge in mind he either placed his hand on the door jamb and pulled the door toward it, or pulled upon the door in such a manner that, when it suddenly moved, he lost his balance and grasped the jamb for support. In doing this, he had assumed a position on the platform some two or three feet out from the door and had extended his arm across the intervening open space. He admits he "was overbalanced and leaning over" and that his "hand slid in between the door and the door caught me." It seems clear that his injury was the result solely of his own actions as described, and in the light of such evidence we must hold that the judgment is unsupported and should be reversed.

■ The situation is quite different from that in Swenson v. Slawik, 236 Minn. 403, 53 N. W. (2d) 107, where recovery was allowed plaintiff whose thumb was injured when he closed the door to a freight elevator upon it. There plaintiff adopted the only course open to

him in closing the door since the regular attachment for closing it had been removed by defendant. In the instant case, plaintiff's injury was not occasioned by the absence of alternative or safe methods of closing the door or proper closing devices thereon but rather by the unstable position he voluntarily assumed in closing it.

Reversed.